NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HERMAN L. GAINES, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 03-2688 (GEB) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| ANTHONY J. SARLO, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BROWN, District Judge**

This matter comes before the Court upon the motion of defendants' Roy L. Hendricks

("Hendricks") and Mildred Stribling ("Stribling") (collectively referred to as "the State

Defendants") to dismiss pro se plaintiff Herman L. Gaines' ("Plaintiff") complaint pursuant to

Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  The Court

has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  The Court, having considered the

parties' submissions and decided the matter without oral argument pursuant to Fed. R. Civ. P. 78,

and for the reasons set forth below, will grant the State Defendant's motion.[1]

I.      **BACKGROUND**

Plaintiff is an inmate at the New Jersey State Prison (NJSP).  Plaintiff alleges that while he

was assigned to administrative segregation, the State Defendants' denied him access to the law

---

[1]The State Defendants do not move to dismiss Plaintiff's complaint in its entirety,
although the motion is styled as a motion to dismiss the complaint.  As to defendant Stribling, the
State Defendants only assert that Plaintiff's punitive damages claims must be dismissed.  The
State Defendants do not argue that Plaintiff's Section 1983 compensatory damage claims against
Stribling must be dismissed.  Accordingly, the Court will not address these claims and they
survive the instant motion.

library in violation of the First and Fourteenth Amendments of the United States Constitution and

42 U.S.C. § 1983.  See Complaint at ¶¶ 12 – 30.

On or about June 2, 2003, Plaintiff filed an application to proceed in forma pauperis (IFP)

and his initial complaint with this Court, naming defendants Anthony Sarlo ("Sarlo"), an

Education Program Specialist at NJSP, and Stribling, a legal services assistant.  See Complaint at

¶¶ 4 – 5.  On June 25, 2003, this Court granted Plaintiff permission to proceed IFP, directed the

Clerk to file his complaint.  Pursuant to 28 U.S.C. § 1915, the Court dismissed all claims against

the defendants in their official capacities and all pendent state law claims and directed Plaintiff to

file an amended complaint within forty-five (45) days.

On July 21, 2003, Plaintiff filed his amended complaint, adding Roy Hendricks

("Hendricks"), the former administrator of NJSP, as a defendant.  On June 16, 2004, this Court

denied Plaintiff's motion for the appointment of pro bono counsel.  On October 6, 2004, this

Court directed the Clerk to issue summonses on the named defendants.[2]  The State Defendants

were served on October 21, 2004 and, on November 18, 2004, sought an extension of time to

move, answer or otherwise plead.  This motion was granted.  Again, on January 24, 2005, the

State Defendants sought an extension of time to move, answer or otherwise plead.  While this

motion was still pending, the State Defendants filed the instant motion to dismiss.[3]

---

[2]Defendant Anthony Sarlo is not represented by the Office of the Attorney General
(OAG) and has not been served in this matter.  Claims against this defendant will be dismissed
pursuant to Fed. R. Civ. P. 4(m) unless Plaintiff can show good cause within thirty (30) of the
entry of the Order accompanying this Memorandum Opinion.

[3]On March 7, 2005, the Honorable John J. Hughes entered an Order denying the State
Defendants' motion for an extension of time as moot.

II.    **DISCUSSION**

    A.    <u>Standard for a Motion to Dismiss</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.  <u>Oran v. Stafford</u>, 226 F.3d 275, 279 (3d Cir. 2000); <u>Langford v. City of Atl. City</u>, 235 F.3d 845, 850 (3d Cir. 2000); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir. 1986).  The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Angelastro v. Prudential-Bache Sec., Inc.</u>, 764 F.2d 939, 944 (3d Cir. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved."  <u>Turbe v. Gov't of the V.I.</u>, 938 F.2d 427, 428 (3d Cir. 1991) (citing <u>Unger v. Nat'l Residents Matching Program</u>, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); <u>see</u> <u>also</u> <u>Langford</u>, 235 F.3d at 850; <u>Dykes v. SE. Pa. Transp. Auth.</u>, 68 F.3d 1564, 1565, n.1 (3d Cir. 1995), <u>cert.</u> <u>denied</u>, 517 U.S. 1142 (1996); <u>Piecknick v. Commw. of Pa.</u>, 36 F.3d 1250, 1255 (3d Cir. 1994); <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir.1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  <u>Hishon v. King & Spalding</u>, 467 U.S. 69,

73 (1984).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged

in the complaint, even if true, fail to support the claim." Ransom v. Marrazzo, 848 F.2d 398, 401

(3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no

presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morse v.

Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997) ( "[A] court need not credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

      B.      Plaintiff's Claims Against Defendant Hendrick's Must Be Dismissed

It is "well established that a defendant in a civil rights case cannot be held responsible for

a constitutional violation which he or she neither participated in nor approved." C.H. ex rel. ZH

v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000).  In other words, a Section 1983 claim cannot be

sustained based on respondeat superior liability.  Id. at 202.   In the present case, Plaintiff fails to

attribute any conduct to Hendricks.  Hendrick's name only appears in the caption of the amended

complaint and in the "Parties" section.

Plaintiff argues that Candelaria v. Coughlin,787 F. Supp. 368, 372 (S.D.N.Y.  1992), saves

his claims against Hendricks.  In Candelaria, the court states:

> A defendant may be "personally involved" [under Section 1983] in
> causing a constitutional deprivation if: (1) defendant participated
> directly in the alleged infraction; or (2) acting in a supervisory
> capacity, defendant (a) failed to remedy a continuing or egregious
> wrong after learning of a violation, (b) created a policy or custom
> under which the unconstitutional practices occurred or allowed such
> policy or custom to continue, or (c) was 'grossly negligent' in
> managing subordinates who actually caused the constitutional
> deprivation.

Candelaria, 787 F. Supp. at 372 (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

Relying on this language, Plaintiff contends that Hendricks "not only had a duty to provide [him] with legal access, but also was obligated to intervene and ensure that plaintiff received legal access . . ." See Plaintiff's Sur-Reply Brief at 3.  The Third Circuit has stated that, in order to hold a state official liable under Section 1983 in a supervisory capacity, the plaintiff must allege "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have been communicating a message of approval." C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 202 (3d Cir. 2000).  Plaintiff's complaint is devoid of allegations sufficient to establish supervisory liability under Section 1983.  Plaintiff does not allege that Hendricks was aware that he was being denied access to the library or in any way approved of such conduct.

It is apparent that Plaintiff is attempting to assert claims against Hendricks in his official capacity.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the state itself."  Will v. Michigan Dep't. of State Police et al., 491 U.S. 58, 71 (1989). State officials can be sued in their official capacities for prospective injunctive relief but not money damages.  Edelman v. Jordan, 415 U.S. 651 (1974).  The Supreme Court has said that "[w]hen an action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."  Ford Motor Co. v. Department of the Treasury, 323 U.S. 459, 464 (1945).  As discussed above, this Court previously dismissed all official capacity claims asserted in the original complaint.  Plaintiff has added defendant Hendricks via his amended complaint and again asserted official capacity claims.  These claims must be dismissed.

Therefore, Plaintiff's claims against Hendricks must be dismissed.

> C.   Plaintiff's Punitive Damages Claims Against Defendant Stribling Are Dismissed Without Prejudice And With Leave To Amend

The State Defendants argue that Plaintiff's punitive damages claims against defendant Stribling must be dismissed.[4]  To recover punitive damages for a violation of Section 1983, "[i]t is sufficient for the plaintiff to show either that the defendant acted . . . with actual knowledge that he was violating a right 'secured by the Constitution and laws,' or that the defendant acted with reckless disregard of whether he was violating such a right."  Cochetti v. Desmond, 572 F.2d 102, 106 (3d Cir. 1978) (quoting Adickles v. Kress & Co., 398 U.S. 144, 233 (1970) (Brennan, J., concurring in part and dissenting in part).  "Punitive damages should not be awarded in a § 1983 proceeding unless there is a showing that the proscribed action has been a constant pattern or practice of behavior of defendants and that such practice has been willful and in gross disregard for the rights of plaintiff."  Urbano v. McCorkle, 334 F. Supp. 161, 170 (D.N.J. 1971) (citing Lee v. Southern Homes Site Corp, 429 F. 2d 290, 294 (5th Cir. 1970)).

In his amended complaint, Plaintiff contends that he submitted approximately ten (10) requests for legal assistance that were ignored by NJSP officials.  See Complaint at ¶ 20.  However, Plaintiff's allegations against Stribling do not suggest willful or malicious behavior.  To the contrary, Plaintiff points out that Stribling, a legal services asssistant, indicated to Sarlo that "[she] checked the law library records thoroughly and . . . the . . . records indicted that the law

---

[4]The State Defendants do no argue that all claims against defendant Stribling must be dismissed; they only argue that Plaintiff cannot state a claim for punitive damages against Stribling.  The Court need not address the State Defendant's contention that Plaintiff cannot state a claim for punitive damages against Hendricks because, as discussed supra, all claims against Hendricks must be dismissed.

6

library only received one of plaintiff's requests for legal assistance."  Complaint at ¶ 19.

Accepting Stribling's representation that the library had only received one (1) of his

approximately ten (10) requests for assistance, Plaintiff argues that this failure "is the duty and

responsibility of the correctional officer who signed the request for legal assistance form (the Unit

Officer), the Area Sergeant, and the Traffic Control Officer."  Complaint at ¶ 21. Notably,

Plaintiff does not blame Stribling.  Therefore, even drawing all favorable inferences in Plaintiff's

favor, his complaint falls far short of alleging that Stribling engaged in a pattern of willful and

malicious activity.

In his March 29 sur-reply letter brief, Plaintiff requests leave to file an amended complaint

in order to make certain clarifications.[5]  The State Defendants complain that Plaintiff seeks to

introduce new facts.  Plaintiff contends that "[he] didn't realize that [he] was required to explain

circumstances of that situation [in his amended complaint].'"[6]  The Third Circuit has adopted a

particularly liberal approach to the amendment of pleadings to ensure that "a particular claim will

be decided on the merits rather than on technicalities."  Dole v. Arco Chem. Co., 921 F.2d 484,

486-87 (3d Cir. 1990) (citing 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure:

---

[5]This Court will construe Plaintiff's March 29, 2005 sur-reply letter brief as a deficient
motion for leave to amend.  Sur-replies are not permitted by the Local Civil Rules.

[6]Specifically, Plaintiff alleges that S.C.O. Pray, who is not named as a defendant in this
action, fabricated the grounds for a disciplinary charge against him. See Plaintiff's Opposition
Brief at 7.  Plaintiff contends that there is a videotape of the incident that would prove that
S.C.O. Pray was lying but that the videotape was not presented as evidence in his defense. Id.
Plaintiff suggests that the desire to suppress this videotape provides a motive for Stribling and
Sarlo to deny him legal assistance. Id. at 8.  Notably, Plaintiff does not attribute any conduct to
defendant Hendricks with respect to these alleged facts.  Therefore, this Court will not disturb its
determination that Plaintiff's claims against Hendrick's are based on respondeat superior and,
therefore, must be dismissed.

Civil 2d § 1471 (West 1990)).  Leave should be granted absent a showing of "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  "In the

absence of substantial or undue prejudice, denial must be grounded in bad faith or  . . . futility of

amendment." <u>Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, Inc.</u>, 663 F.2d 419, 425 (3d Cir.

1981) (citing <u>Foman</u>, 371 U.S. at 182).  Here, the Court does not find bad faith or dilatory motive

on the part of Plaintiff and does not believe that the State Defendant's will suffer undue prejudice

if leave is granted.  Accordingly, the Court will dismiss Plaintiff's punitive damages claims

against Stribling without prejudice and will allow Plaintiff twenty (20) days to amend these

claims.

III.     **CONCLUSION**

         For the foregoing reasons, Plaintiff's claims against defendant Hendricks are dismissed

with prejudice and Plaintiff's punitive damages claims against defendant Stribling are dismissed

without prejudice.  Further, Plaintiff is granted twenty (20) days leave to amend his claims against

defendant Stribling.  Defendant Sarlo will be dismissed from this action pursuant to Fed. R. Civ.

P. 4(m) unless Plaintiff can show good cause within thirty (30) days of the entry of the Order

accompanying this Memorandum Opinion.  An appropriate form of Order is filed herewith.


                                    s/ Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR., U.S.D.J.