<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HERMAN L. GAINES, | : | |
| Plaintiff, | : | Civ. No. 03-2688 (GEB) |
| v. | : | |
| ANTHONY J. SARLO, et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**<u>BROWN, District Judge</u>**

      This matter comes before the Court upon: (1) the motion of Defendants Roy L. Hendricks ["Hendricks"] and Mildred Stribling ["Stribling"] [collectively referred to as the "State Defendants"] to dismiss <u>pro</u> <u>se</u> Plaintiff Herman L. Gaines' ["Plaintiff"] Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted [32], (2) Plaintiff's response to this Court's Order to Show Cause [31], and (3) the motions of Defendant Anthony Sarlo ["Sarlo"] for an extension of time to answer, move or otherwise plead out of time [35] and to dismiss Plaintiff's Second Amended Complaint [36]. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed herein, will grant the State Defendants and Sarlo's motions to dismiss.

I.	BACKGROUND

A detailed recitation of the facts may be found in this Court's Memorandum Opinion accompanying its Order of May 24, 2005.  The Court will not reiterate the factual and procedural history provided within that Opinion.

On May 24, 2005, this Court dismissed with prejudice all of Plaintiff's claims against Hendricks and dismissed without prejudice the Plaintiff's punitive damages claims against Stribling.  The Court granted Plaintiff twenty (20) days leave to amend his claims against Stribling, and issued an Order requiring the Plaintiff to show good cause within thirty (30) days as to why Defendant Anthony J. Sarlo ["Sarlo"] should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).[1]

On June 17, 2005, Plaintiff filed his Second Amended Complaint ["Complaint"] with this Court.  Plaintiff alleges violations of his First and Fourteenth Amendment rights by the State Defendants, Sarlo, and Defendants John Doe 3 through 9, all acting in both their official and individual capacities, for their failure to provide Plaintiff with legal access and assistance to appeal an adverse ruling from an administrative disciplinary hearing.[2]  (Compl. ¶ 29).  Plaintiff further asserts that as a consequence of this denial he was prevented from pursuing legal claims against those who violated his constitutional rights.  (Compl. ¶ 30).  He seeks $10,000 in compensatory damages and $10,000 in punitive damages from each Defendant.  (Compl. at 9).

---

[1] The United States Marshal Service unsuccessfully attempted to serve Sarlo on October 21, 2004 at New Jersey State Prison.

[2] Plaintiff's claims against all Defendants in their official capacities were dismissed with prejudice by this Court in the Order filed on June 25, 2003.  Further, Plaintiff's claims against Hendricks were dismissed with prejudice.  Thus, Plaintiff is barred from re-litigating these claims and the Court will not reconsider them.

Further, on June 23, 2005, Plaintiff filed his response to the Court's Order to Show Cause.

On June 28, 2005, the State Defendants moved to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failing to state a claim upon which relief could be granted. Plaintiff filed a brief in opposition to the motion on July 11, 2005. The State Defendants have not filed a reply brief.

On August 24, 2005, Sarlo filed a motion for an extension of time to answer, move or otherwise plead and a motion to dismiss Plaintiff's Second Amended Complaint.

## II. DISCUSSION

### A. THE COURT WILL GRANT SARLO'S MOTION FOR AN EXTENSION OF TIME

State Defendants erroneously state that Defendant Sarlo was dismissed pursuant to the Memorandum Opinion and Order of May 24, 2005. (Def. Br. at 3). This Court ruled that these claims would be dismissed only if Plaintiff failed to show good cause as to why Defendant Sarlo should not be dismissed from the case pursuant to Federal Rule of Civil Procedure 4(m). On June 23, 2005, Plaintiff filed his response to the Court's Order to Show Cause. Plaintiff explained that he was unable to serve Sarlo because he had retired from his position at New Jersey State Prison. Pl's Resp. to Order to Show Cause ¶ 1. Subsequently, on August 24, 2005, Sarlo filed a motion for an extension of time to answer, move or otherwise plead out of time and a motion to dismiss Plaintiff's complaint. In the affidavit accompanying the motions, Tamara L. Rudow, Esq., counsel for Sarlo, explained that Sarlo was unaware that service had been accepted on his behalf because he retired from the Department of Corrections on March 2, 2004 and he did not request representation until July 28, 2005. The Court will grant Sarlo's motion for an extension of time. Further, for the reasons discussed below, the Court will grant Sarlo's motion to dismiss and

dismisses Plaintiff's complaint in its entirety.

      **B.**    **STANDARD FOR A MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. Oran v. Stafford, 226 F.3d 275, 279 (3d Cir. 2000); Langford v. City of Atl. City, 235 F.3d 845, 850 (3d Cir. 2000); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless the plaintiff can prove no set of facts that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985), cert. denied, 474 U.S. 935 (1985). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v. Birmingham Bd. of Educ., 125 S. Ct. 1497, 1510 (2005) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991) (citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991))  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Legal conclusions made in the guise of factual allegations, however, are given no

presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) ( "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.").

"A pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Estelle v. Gamble, 429 U.S. 97, 107 (1976) (quoting from Haines v. Kerner, 404 U.S. 519 (1972)).

>   C.   **PLAINTIFF CANNOT DEMONSTRATE THAT HE WAS DEPRIVED OF A CONSTITUTIONALLY PROTECTED RIGHT**

Plaintiff's claims against the State Defendants must fail because Plaintiff cannot demonstrate that he suffered an actual injury.  In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in law."  The Court later clarified the Bounds holding in Lewis v. Casey:

> Bounds did not create an abstract, freestanding right to a law library or legal assistance . . .   Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," . . . and the inmate must go one step further and demonstrate that the alleged shortcoming in the library or legal assistance program hindered his efforts to pursue a legal claim.

518 U.S. 343, 351 (1996).  Prisoners have no constitutional right to conduct generalized legal research, "but only that they be able to present their grievances to the courts . . . ." Id. at 359.  In order to prove a constitutional violation under Lewis, prisoners must demonstrate that the

defendant's actions caused them "actual injury," meaning that they were unable to access the courts for the purpose of attacking their sentence and the conditions of confinement, or for pursuing civil rights actions "to vindicate 'basic constitutional rights.'" Id. at 354 (citation omitted).

    Plaintiff contends that the alleged denial of legal access and assistance impeded his ability to appeal an adverse disciplinary decision and "the procedural defects in the disciplinary hearing." Compl. ¶ 29. See N.J.A.C. § 10A:31-16.15 (describing the administrative process through which inmates appeal disciplinary decision). As a result, Plaintiff claims that he was unable to exhaust his administrative remedies and thereby prevented from filing a civil complaint to redress the alleged violations of his constitutional rights. However, as Plaintiff points out in his opposition brief, he actually did appeal the disciplinary decision in question and his appeal was denied. See Pl. Opp. Br. at 9. Plaintiff does not allege that he was prevented from filing an appeal of the disciplinary decision. Instead, Plaintiff complains that he was "prevented from appealing a disciplinary decision on the basis that the video-tape should have been presented as evidence at the disciplinary hearing." These allegations are insufficient to demonstrate actual injury under Lewis.

    In Lewis, the Supreme Court disclaimed the extension of an inmate's right of access to include "enabl[ing] the prisoner to *discover* grievances, and to *litigate effectively* once in court." Lewis, 518 U.S. at 354 (citing Bounds, 430 U.S. at 825-26, and n. 14) (emphasis in original).

> In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines . . . The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any

>*other* litigating capacity is simply one of the incidental (and
>perfectly constitutional) consequences of conviction and
>incarceration.

Id. at 355. Bounds "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356. Despite his alleged inability to obtain the videotape, Plaintiff clearly was still capable of filing an appeal of the disciplinary decision, as evidenced by the fact that he actually did file an appeal. Thus, Plaintiff was in no way deprived of his constitutionally protected right of access to the courts. Therefore, even when drawing all reasonable inferences in his favor, the Court finds that Plaintiff cannot demonstrate that he suffered an actionable injury and his complaint must be dismissed.[3]

---

[3] Plaintiff argues that it is irrelevant whether he can demonstrate that he was actually harmed by the alleged conduct because the State Defendants argue that they are entitled to qualified immunity. See Pl. Br. at 7-8. Because Plaintiff cannot demonstrate a constitutional violation, however, this Court need not determine whether the State Defendants enjoy qualified immunity from Plaintiff's allegations. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

### III. CONCLUSION

For the foregoing reasons, the State Defendants and Sarlo's motions to dismiss are granted and Plaintiff's complaint is dismissed in its entirety. An appropriate form of order is filed herewith.

                                             s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.